UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        Criminal No. 14-CR-20588

vs.                                          HON. BERNARD A. FRIEDMAN

RAHMAT BEGUM,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 73]. The government has filed a response in opposition. Defendant has not replied, and the time for her to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, currently confined at FCI-Aliceville in Aliceville, Alabama, was sentenced in October 2016 to sixty months' imprisonment after pleading guilty to conspiring to commit wire fraud, making false statements relating to health care matters, conspiring to pay and receive kickbacks, and money laundering. Her anticipated release date is August 18, 2022. Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because she has medical

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

conditions (including diabetes, GERD, and hypertension) that place her at increased risk of complications if she were to be infected by the coronavirsu. Def.'s Mot. at 11. The government opposes the motion on the grounds that the risk to defendant's health is minimal, and she does not meet other requirements for compassionate release.

> This Court has summarized the legal standards applicable to this motion as follows:
>
> The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).
>
> \* \* \*
>
> Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person

---

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . .

2

>or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1; *Austin*, 2020 WL 2507622, at *1.

*United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *1-2 (E.D. Mich. Aug. 12, 2020).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. Assuming that defendant's medical conditions, combined with her status as a prison inmate, make her more vulnerable to infection, defendant has not shown that the risk of infection at FCI-Aliceville is unacceptably high. The Bureau of Prisons currently reports that ten inmates at that facility (out of a population of 1106) and eight staff members are infected. *See* https://www.bop.gov/coronavirus (last visited Oct. 1, 2020). In its response brief, the government notes that as of mid-September 2020, it has reduced the prison population by granting home confinement to over 7,600 inmates nationwide and that it has taken significant steps to minimize the spread of the virus at all BOP facilities. The Sixth Circuit has acknowledged these efforts. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020). Defendant in the present case has not shown that these efforts to combat the spread of the virus are inadequate or that the FCI-Aliceville is unable to adequately treat her if she becomes ill.

Further, this Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, .

. . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Defendant has shown no more than a generalized risk, not a risk that is specific to her based on her living circumstances and medical conditions.

The Court concludes that defendant has failed to show the existence of any extraordinary and compelling reason warranting her immediate release from prison. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.


|  |  |
|---|---|
| Dated: October 1, 2020<br>Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |